UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES WHITTED,

                      Petitioner,

      - *against* -

UNITED STATES OF AMERICA,

                      Respondent.

07 Civ. 2174 (SCR) (LMS)

REPORT AND
RECOMMENDATION

TO:    THE HONORABLE STEPHEN C. ROBINSON,
         UNITED STATES DISTRICT JUDGE

      Petitioner James Whitted ("Petitioner"), proceeding *pro se*, petitions this Court to vacate, set aside, or correct his sentence as a person in federal custody pursuant to 28 U.S.C. § 2255 ("Petition"), challenging his conviction, following the entry of a guilty plea, for one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine. Petition (Docket # 1) at ¶¶ 4-5. Petitioner is currently incarcerated and serving a total term of 165 months' imprisonment. Id. at ¶ 3. Petitioner seeks to have his sentence vacated, set aside, or corrected, on the ground that he was afforded ineffective assistance of counsel with respect to his decision to plead guilty. For the reasons that follow, I conclude, and respectfully recommend that Your Honor should conclude, that the Petition should be denied.

## BACKGROUND

      The history of Petitioner's underlying criminal case is set forth at length in Respondent's opposition brief. See Government's Memorandum of Law in Opposition ("Memo. in Opp.") (Docket # 5) at 3-37; see also Petitioner's Reply Brief (Docket # 6) at 2 ("The petitioner adopts the background information contained in his opening brief and the government's response which he believes this court is familiar with."). The relevant facts are set forth below.

On April 30, 2003, a federal grand jury issued a four-count indictment, Count One of which charged the defendants, not including Petitioner, with participation in a conspiracy to distribute more than five kilograms of cocaine. Memo. in Opp. at 5. The indictment also included a count in which Petitioner was charged with distributing cocaine on January 29, 2003. Id. On August 27, 2003, a superseding indictment was filed, which added Petitioner to the Count One conspiracy charge. Id. at 6.

In December, 2003, Petitioner entered into a Plea Agreement with the Government pursuant to which he agreed to plead guilty to Count One of the superseding indictment, i.e., conspiring to distribute and possess with intent to distribute cocaine, from in or about February, 2002, through on or about May 13, 2003. See A7-A11.[1] Under the terms of the Plea Agreement, the parties stipulated that the offense involved at least 3.5 but less than 5 kilograms of cocaine, and that the mandatory minimum sentence applicable was 120 months (10 years). A8-A9. On January 7, 2004, Petitioner appeared in Court with his retained counsel, James Monroe, and pled guilty to Count One of the superseding indictment. A12-A36. At the plea hearing, Petitioner allocuted to the distribution and conspiracy to distribute at least 3.5 but less than 5 kilograms of cocaine. A32. After the plea hearing, the Government realized that the Plea Agreement contained an inconsistency, since under Apprendi v. New Jersey, 530 U.S. 466 (2000), the ten-year mandatory minimum sentence would only apply if Petitioner had allocuted to an amount of 5 kilograms or more of cocaine. See Memo. in Opp. at 7. Rather, as acknowledged by the Government, Petitioner's allocution to a quantity of cocaine of more than 3.5 but less than 5

---

[1] "A" refers to citations to the Appendix to the Government's Memorandum of Law in Opposition.

kilograms meant that a five-year mandatory minimum under 21 U.S.C. § 841(b)(1)(B), as well as the stipulated sentencing guidelines range of 100-125 months, would apply instead. Id.; see A37.

Once Petitioner learned of the mistake concerning the ten-year mandatory minimum sentence, he told his counsel that he wanted to withdraw his plea, but counsel advised him not to. A5-A6. Consequently, Petitioner discharged his attorneys and, at a conference held on April 16, 2004, applied to the Court for the appointment of new counsel. A52-A53. The Court granted the application and assigned CJA counsel, Theodore Green, to represent Petitioner. A54. On June 16, 2004, prior to the district court's acceptance of his guilty plea, Petitioner, through his new counsel, filed a motion to withdraw the plea. A1-A48. In his motion papers, Petitioner argued that his plea was not knowing, intelligent, and voluntary since he was misinformed regarding (1) the minimum mandatory sentence applicable to the offense to which he agreed to plead guilty, and (2) his ability to contest the drug quantity before the sentencing judge. He claimed that were it not for this misinformation, he would not have agreed to plead guilty.

At a conference held on July 15, 2004, the Government explained that it did not oppose Petitioner's motion to withdraw his plea insofar as Fed. R. Crim. P. 11(d)(1) allowed for the withdrawal of a plea for any reason before its acceptance by the district judge.[2] A73-A74. However, the Government requested the conference to insure that Petitioner fully understood the consequences were the Court to grant his motion to withdraw the plea. A61-A67. The Government explained that due to its Apprendi mistake, the plea included a stipulated drug amount that was insufficient to invoke the ten-year mandatory minimum sentence and thus,

---

[2] Fed. R. Crim. P. 11(d)(1) states, "A defendant may withdraw a plea of guilty . . . before the court accepts the plea, for any reason or no reason."

Petitioner was facing only a five-year mandatory minimum and a sentencing range of 100 to 125 months. A64. However, if the plea were withdrawn, the Government advised Petitioner that it would re-file the charge carrying a ten-year mandatory minimum; would file a prior felony information which would double the mandatory minimum to twenty years; and would present to the grand jury an additional count under 18 U.S.C. § 924(c), for the use of a firearm in connection with a drug-trafficking crime, which would add a five-year mandatory consecutive sentence onto the twenty-year mandatory minimum. A64-A65. Thus, the Government wanted to be certain that Petitioner understood that the only way he could avoid a ten-year mandatory minimum sentence was by adhering to his plea and that in the absence of the plea, he "is not only looking at the ten, but it's likely to be twenty, twenty-five or up." A67. The Government also recounted in some detail the evidence that it anticipated it would present at trial were Petitioner to withdraw his plea. A65-A66. Petitioner then requested, and was given, additional time to consider whether or not he wished to proceed with his motion to withdraw his plea. A71-A72. By letter dated July 27, 2004, Petitioner, through his attorney, informed the Court that he was withdrawing his motion to withdraw his guilty plea. A76.

      Thereafter, Petitioner requested a Fatico hearing to challenge the quantity of cocaine to which he allocuted during his plea hearing. Given this decision, the Government took the position that it was no longer bound by the Plea Agreement and that it would offer evidence at the hearing that would establish (1) that Petitioner should be held responsible for not less than 5 nor more than 15 kilograms of cocaine, increasing his base offense level from 30 to 32, and (2) that Petitioner should receive a two-level enhancement because a dangerous weapon was possessed. A77-A78. Following the Fatico hearing and further court conferences and written

submissions, all of which are described at length in Respondent's brief, see Memo. in Opp. at 11-32, Petitioner was sentenced on June 7, 2005. A198-A224. Based on the evidence presented at the Fatico hearing, as well as the other evidence provided to the Court, and the arguments of counsel, the Court found that Petitioner was responsible for the sale of between 5 and 15 kilograms of cocaine. A200-A205. The Court also found (1) that Petitioner committed perjury at the hearing, resulting in an obstruction of justice enhancement and the forfeiture of the reduction for acceptance of responsibility, A205-A207; and (2) that Petitioner supplied weapons to a co-conspirator, resulting in a weapons enhancement. A210. Thus, the Court determined that the appropriate offense level was 36, Petitioner's Criminal History Category was IV, and the sentencing guidelines range was 262 to 327 months. A210. However, the Court took into consideration the sentences received by the other defendants in the case and Petitioner's relative level of culpability, as well as the initial Plea Agreement sentencing guidelines range of 100 to 125 months. The Court determined that even with the enhancements for both the obstruction of justice and the weapons, that original range would have ended up between 151 and 188 months. A221-A222. Accordingly, the Court concluded that Petitioner's sentence should be 165 months' imprisonment, followed by five years' supervised release, a fine of $10,000, and a $100 special assessment. A218-A219. Petitioner's sentence was upheld on appeal to the Second Circuit. United States v. Victoria, 171 F. App'x 919 (2d Cir.), cert. denied, 549 U.S. 867 (2006).

     On March 14, 2007, Petitioner filed the instant Petition, asserting a single claim for ineffective assistance of counsel with respect to his decision to enter a guilty plea. More specifically, Petitioner claimed that his original, retained counsel, James Monroe, (1) failed to advise him that his "buyer/seller relationship with certain individuals involved in this case did

not amount to being a participant in the conspiracy"; (2) misinformed him that the drug amount to which he would allocate was the amount involved in the entire conspiracy and not the amount attributed solely to Petitioner; and (3) misinformed Petitioner that he faced a minimum of 10 years and a maximum of life imprisonment.  Petition at 7.  Petitioner further claimed that his original counsel "assured him" that he could challenge the quantity of drugs alleged in the indictment at the sentencing hearing.  Petitioner's Affidavit of Facts (Docket # 1) at ¶ 2.  Finally, Petitioner argued that "in light of the short period of time that I was involved with the individuals in this case; the fact that my relationship with the individuals in this case involving drugs constituted a buyer/seller relationship; and the relatively small amounts of drugs that I was purchasing, I am 'actually innocent' of the offenses charged in the indictment, and if [m]y defense counsel would have advised me of those facts, I would not have entered into a plea agre[e]ment with [the] government." Id. at ¶ 9.  In sum, Petitioner contends that he never would have pled guilty and instead would have proceeded to trial had it not been for his original counsel's ineffective assistance.

      The Government argues that the Petition should be denied since his original counsel did not provide ineffective assistance.

## DISCUSSION

**A.**    **Standard of Review**

      "It is well established that section 2255 is not intended to provide a remedy for 'all claimed errors in conviction and sentencing.' " Morales v. United States, 143 F.3d 94, 96 (2d Cir. 1998) (quoting United States v. Addonizio, 442 U.S. 178, 185 (1979)).  Rather, "collateral attack on a final judgment in a criminal case is generally available under § 2255 only for a

constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in complete miscarriage of justice." Graziano v. United States, 83 F.3d 587, 589-90 (2d Cir. 1996) (internal quotation marks and citation omitted). Pursuant to 28 U.S.C. § 2255, a federal prisoner in custody under a sentence of a federal court, may seek to have his or her sentence vacated, set aside, or corrected on the following grounds: (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence," (3) "the sentence was in excess of the maximum authorized by law," or (4) "the sentence is otherwise subject to collateral attack." A § 2255 petitioner bears the burden of proving his or her entitlement to relief under § 2255 by a preponderance of the evidence. Triana v. United States, 205 F.3d 36, 40 (2d Cir. 2000) (citing Harned v. Henderson, 588 F.2d 12, 22 (2d Cir. 1978)).[3]

**B.     Petitioner's Claim**

Petitioner claims that his original counsel was ineffective in advising him regarding the nature of his plea, and were it not for this ineffective assistance of counsel, he would not have pled guilty and would have instead proceeded to trial.

To state a valid claim for ineffective assistance of counsel, Petitioner must satisfy the two-part test set forth in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his attorney's performance fell below an "objective standard of reasonableness," id. at 688; and (2) his attorney's deficient performance prejudiced him, i.e., a "reasonable probability" exists that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at

---

[3]     In his Petition, Petitioner requested an evidentiary hearing, but under 28 U.S.C. § 2255(b), a hearing is not necessary where, as here, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."

694.[4] However, "there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697.

Consequently, any arguments Petitioner makes regarding his original, retained counsel fail to establish his ineffective assistance claim, as there is no evidence in the record to show that any alleged errors made by that attorney altered the outcome of the proceeding. Indeed, Petitioner, through his subsequent, court-appointed counsel, filed a motion to withdraw his guilty plea. Thus, he had the opportunity to return to the position he had been in prior to entering the plea. In the context of making that motion, both the Government and the Court made sure that Petitioner was fully informed of, and understood, the consequences of withdrawing his plea and proceeding to trial. Given those potential consequences, Petitioner decided to withdraw his motion to withdraw his plea. The events that transpired following Petitioner's decision to maintain his plea are simply not relevant to the issue of whether his original counsel was ineffective.[5] Therefore, Petitioner cannot claim that he was denied effective assistance of counsel, and this cannot provide a basis for relief under § 2255.

---

[4] The Supreme Court has held that "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 58 (1985). In that context, "[t]he second, or 'prejudice,' requirement . . . focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59.

[5] In fact, through his subsequent counsel, Petitioner had the opportunity, both at the Fatico hearing and in submissions to the Court prior to sentencing, to challenge the quantity of drugs for which he was being held responsible, and in that context to argue, albeit unsuccessfully, that he was merely a buyer and not co-conspirator.

**CONCLUSION**

For the reasons stated above, I conclude, and respectfully recommend that Your Honor should conclude, that the Petition should be dismissed in its entirety. As Petitioner has failed to make "a substantial showing of the denial of a constitutional right," I conclude, and respectfully recommend, that a certificate of appealability should not issue. 28 U.S.C. § 2253(c)(2). I further conclude, and respectfully recommend, that the Court should certify pursuant to 28 U.S.C. §1915(a) that an appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438 (1962).

**NOTICE**

Pursuant to 28 U.S.C. §636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties shall have ten (10) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(d), or a total of thirteen (13) working days, see Fed. R. Civ. P. 6(a), from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court with extra copies delivered to the chambers of The Honorable Stephen C. Robinson at the United States Courthouse, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Robinson and should not be made to the undersigned.

Dated: September 16, 2009
       White Plains, New York

Respectfully submitted,

_____
Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York

Copies of the foregoing Report & Recommendation have been sent to the following:

The Honorable Stephen C. Robinson

James Whitted
# 83830-054
FCI Fort Dix
P.O. Box 7000
Fort Dix, New Jersey 08640

Margery B. Feinzig, Esq.
United States Attorney for the Southern District of New York
300 Quarropas Street
White Plains, New York 10601

10